## R. H. LANSDALE v. F. B. WEBB, &c.

**Appeals and Errors—Rule to Pay Money Into Court Made Absolute—Final Order.**

> Where a rule against a party to pay money into court is made absolute and an attachment issued thereon, is a final order in the case and may be appealed from.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

October 30, 1871.

OPINION BY JUDGE LINDSAY:

Upon the filing of the mandate of this court in September, 1853, it was made the duty of the chancellor to ascertain whether or not the purchaser at the decretal sale had received possession of the ferry under his purchase, and if so to require him to pay a reasonable rent for it during the time it was in his possession, before rendering a judgment setting aside the commissioner's sale, and canceling the purchaser's bonds.

For this purpose the cause was referred to the commissioner of the Chancery Court.

On the 17th of March, 1854, the commissioner filed his report, in which he fixed the rents of the ferry, with accrued interest thereon, at the sum of $2,492.42. To this report appellant Lansdale filed exceptions on the 5th of May. The said report was approved and confirmed. On the 19th of May, 1854, on motion of C. D. Shean, the cause was again referred to the commissioner. June 30th, the commissioner filed a second report to the effect that no additional facts had been developed. On the 11th of June, 1858, appellant Lansdale was ordered to pay into court the amount reported by the commissioner as due from him on or before the 25th of that month or to show cause to the

contrary. From this order he prayed an appeal to this court, which seems never to have been prosecuted.

On the 25th of June the rule against Lansdale was made absolute, and an attachment ordered to issue against him.

This was certainly a final order in the matter. It fixed the rights of the parties and the liability of Lansdale. It has never been modified, vacated, annulled or reversed.

The subsequent proceedings in the cause have been upon orders of attachment issued for the purpose of enforcing this order, and the only error that we can perceive in the record is that Lansdale has been permitted by the leniency of the chancellor to escape, for thirteen years, the payment of the amount for which he was adjudged liable.

The order from which this appeal is prosecuted is nothing more than an order enforcing a former judgment of the chancellor, and it is therefore necessarily correct. The plea of limitation was not available. No objection was taken to the action of the special chancellor in the court below. It does not appear that appellant objected to his making orders in the cause without being sworn. The objections now urged can not be raised in this court for the first time.

We can not upon this appeal inquire into the merits of the judgment rendered in 1858.

Judgment *affirmed*.

*Thompson, A. H. Field,* for *appellant.*

*Pirtle & Caruth,* for *appellee.*